UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JORDI RAUL ROGEL-RODAS, a/k/a Jordy Raul,<br><br>Defendant. | 4:21-CR-40058-01-KES<br><br><br>ORDER GRANTING RENEWED MOTION FOR JUDGMENT OF ACQUITTAL |

A jury found defendant, Jordi Raul Rogel-Rodas, guilty of one count of smuggling goods from the United States. Docket 102 at 3. It found him not guilty of seven other counts, including one count of delivering package with firearm without written notice to the carrier, one count of transferring firearm to out-of-state resident, and five counts of making a false statement in connection with the purchase of a firearm. *Id.* at 1-3. Pending before the court is Rogel-Rodas's renewed motion for judgment of acquittal,[1] which the government opposes. Dockets 111, 112, 113. Rogel-Rodas asks the court to

---

[1] At the close of the government's case, Rogel-Rodas moved orally for judgment of acquittal on all counts. Docket 118 at 131. The United States opposed the motion. *Id.* The court granted the motion as to the references to ammunition in Count 1, delivering package with firearm without written notice to the carrier, and Count 8, smuggling goods from the United States. *Id.* at 131-32; *see* Docket 20 at 1-2, 6. Rogel-Rodas's motion was otherwise denied. Docket 118 at 132-33.

disregard the government's response to his motion because it was untimely. Docket 116 at 1-2.

## DISCUSSION

### I. The Government's Response Was Untimely, But the Court Will Consider It in This Instance

The jury's verdict was entered on December 21, 2022. Docket 102. Rogel-Rodas timely filed his renewed motion for judgment of acquittal and memorandum in support of that motion on January 3, 2023. Docket 111. The government filed its response on January 17, 2023. Docket 113. The Local Criminal Rules for the District of South Dakota require that, "unless otherwise specifically ordered by the court," parties must file a responsive brief within seven days. D.S.D. Crim. LR 47.1(C). In its scheduling order, the court set a different deadline, requiring an opposing party to file a response within five days, thus making the government's response due on January 9, 2023. Docket 75 at 1; see Fed. R. Crim. P. 45(a)(1)(C). This means that the government filed its response eight days late.

Before the response deadline expired, the government could have obtained an extension of time upon a showing of good cause. Fed. R. Crim. P. 45(b)(1)(A). Even after the response deadline expired, the government could have obtained an extension of time upon a showing that it "failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). The government never made a motion for an extension of time, and it failed to provide any explanation for its tardiness in its response to Rogel-Rodas's motion. See Docket 113.

2

"[I]t is for the district court to determine what departures from its local rules of practice may be overlooked." *Trundle v. Bowen*, 830 F.2d 807, 809 (8th Cir. 1987) (citing *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984)). The court will consider the government's response brief in this instance; however, future late filings may not be considered.

## II. Rogel-Rodas's Motion for Judgment of Acquittal

### A. Legal Standard

The jury's verdict must "be upheld 'if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.' " *United States v. Espinoza*, 885 F.3d 516, 520 (8th Cir. 2018) (quoting *United States v. Taylor*, 813 F.3d 1139, 1146 (8th Cir. 2016)). The Rule 29 standard is " 'very strict' and a jury's verdict should not be overturned lightly." *United States v. Boesen*, 491 F.3d 852, 855 (8th Cir. 2007) (quoting *United States v. Ellefson*, 419 F.3d 859, 862 (8th Cir. 2005)).

The essential elements of a crime for which a defendant is found guilty may be proven by circumstantial or direct evidence. *United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004). "Th[e] court views the entire record in the light most favorable to the government, resolves all evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict." *Boesen*, 491 F.3d at 856 (citing *United States v. Water*, 413 F.3d 812, 816 (8th Cir. 2005)). On a motion under Rule 29, "the district

court is not to weigh the evidence or assess the credibility of witnesses[]" but rather is to evaluate the evidence in the light most favorable to the government to determine if a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Baker*, 367 F.3d at 797.

### B. No Reasonable Jury Could Have Found Rogel-Rodas Guilty Beyond a Reasonable Doubt of Smuggling Goods from the United States

To find Rogel-Rodas guilty of smuggling goods from the United States in violation of 18 U.S.C. § 554, as alleged in Count 8 of the Indictment, the jury had to find that the government had proved the following beyond a reasonable doubt: (1) Rogel-Rodas knowingly and willfully exported or sent from the United States firearms; (2) the exportation or sending was contrary to United States laws that prohibit exporting firearms in the manner alleged in Counts 1 and 2; and (3) Rogel-Rodas knew that the exportation or sending was contrary to law or regulation. Docket 97 at 9. Thus, to find Rogel-Rodas guilty of Count 8, the jury had to find that Rogel-Rodas's actions violated 18 U.S.C. § 922(e), as alleged in Count 1, or 18 U.S.C. § 922(a)(5), as alleged in Count 2. *Franco-Casasola v. Holder*, 773 F.3d 33, 41 (5th Cir. 2014) ("[N]ot only must [the defendant] be convicted of the elements of [§] 554(a) which are a predicate to any indictment under that statute, he must also have been found guilty of each element of the other statutes that complete the offense."). The jury found Rogel-Rodas not guilty on Counts 1 and 2. Docket 102 at 1.

### 1. Count 1: Delivering Package with Firearm Without Written Notice

To violate 18 U.S.C. § 922(e) as alleged in Count 1, the jury had to find that (1) Rogel-Rodas knowingly and willfully delivered or caused to be delivered to ServiExpress a package or other container in which there were the specified firearms; (2) the package or container was to be shipped or transported from the United States to a foreign nation; (3) the package or container was to be shipped or transported to a person who was not licensed as a firearms dealer, manufacturer, importer, or collector; and (4) Rogel-Rodas did not give written notice to ServiExress that there were those same firearms in the package or container. Docket 97 at 3-4.

Rogel-Rodas argues that no reasonable jury could find that he violated United States law as alleged in Count 1 because the government put on no evidence related to the third element. Docket 112 at 5-6. The package at issue was to be sent to Raul Ronaldo Rogel Letona at an address in Guatemala. Docket 104 at 98. The only evidence or testimony the government offered at trial about Letona is that he is Rogel-Rodas's father. Docket 118 at 123-24. There was no evidence or testimony about whether Letona was licensed as a firearm dealer, manufacturer, importer, or collector. It would be speculation for a jury to conclude from Letona being Rogel-Rodas's father and having an address in Guatemala that he did not have one of the required licenses. *See Boesen*, 491 F.3d at 858 ("The government is given the benefit of reasonable inferences, so long as they are not conjecture and speculation.").

The government argues that it is reasonable for a jury to infer that Letona lacks the specified licenses because Guatemalan authorities seized the firearms and because of "the cooperation and assistance of United States federal agencies," such as the Bureau of Alcohol, Tobacco, and Firearms and Homeland Security Investigations. Docket 113 at 4-5. In other words, the government believes a jury could find that the prosecution had proved an essential element of a crime beyond a reasonable doubt based on nothing more than the existence of a law enforcement investigation. If this were true, however, the "reasonable-doubt standard" would no longer "provide[] concrete substance for the presumption of innocence—that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.' " *In re Winship*, 397 U.S. 358, 363 (1970) (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)).

The government's argument that the jury could infer Letona lacked the specified licenses because he is not a United States citizen is no better. Docket 113 at 4-5. First, the government did not introduce any evidence or testimony about Letona's citizenship. But even if it had, there is no requirement that these licensees be United States citizens. *See* 18 U.S.C. § 923(d)(1)(B). In the government's view, then, it would be reasonable for a jury to reach a particular conclusion about a person based on nothing more than that person's alienage, even where alienage has no bearing on the alleged conduct. The court disagrees. *Cf. Knapp v. Hanson*, 183 F.3d 786, 789 (8th Cir. 1999) ("Suspect classifications include . . . alienage[.]"). No reasonable jury could have found

6

Rogel-Rodas guilty of Count 8 based on him violating United States law as alleged in Count 1.

### 2. Count 2: Transferring Firearm to Out-of-State Resident

To violate 18 U.S.C. § 922(a)(5) as alleged in Count 2, the jury had to find that (1) Rogel-Rodas willfully transferred, sold, traded, gave, transported, or delivered the specified firearms to Letona; (2) neither Letona nor Rogel-Rodas were licensed as a firearm dealer, importer, manufacturer, or collector of firearms; and (3) Rogel-Rodas knew or had reasonable cause to believe that Letona was not a resident of the same state in which Rogel-Rodas resided. Docket 97 at 5-6. As described above, there was no evidence from which a reasonable jury could find that Letona did not have one of the specified licenses. By itself, this is enough to conclude that no reasonable jury could have found Rogel-Rodas guilty of Count 8 based on him violating United States law as alleged in Count 2.

Additionally, there was insufficient evidence for a reasonable jury to find that Rogel-Rodas did not have one of the specified licenses. In the government's case in chief, Thomas Bond, a senior export licensing officer at the Department of Commerce who specifically focuses on firearms and ammunition exports, testified. Docket 117 at 88-89. Bond testified that he searched a Department of Commerce database of export licenses for "Jordi Rogel-Rodas" and "Jordy Raul," but that neither name appeared in the database, meaning that no export license was issued to, nor an application received from, an individual using either of those names. *Id.* at 92-94. On cross-examination, Bond admitted that

7

the database he searched is just for export licenses. *Id.* at 99. But an export license is not one of the licenses included in element two, and the government did not put on any evidence that similar searches were conducted in databases for firearm dealer, importer, manufacturer, or collector licenses.

The government argues that other evidence it put on could lead a reasonable jury to infer that Rogel-Rodas lacked the specified licenses. This evidence includes: Rogel-Rodas not notifying ServiExpress that the package contained guns, buying several guns in less than one year, and sending the guns to Letona despite indicating he was buying them for himself. Docket 113 at 5-7. To conclude that Rogel-Rodas lacked the specified licenses from this evidence would be conjecture or speculation, not a reasonable inference. *Boesen*, 491 F.3d at 858. Thus, no reasonable jury could have found Rogel-Rodas guilty of Count 8 based on him violating United States law as alleged in Count 1 or Count 2, and Rogel-Rodas's renewed motion for judgment of acquittal as to Count 8 is granted.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that Rogel-Rodas's motion (Docket 111) is granted. A judgment of acquittal on Count 8 will be entered.

DATED February 8, 2023

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE